The CHURCH OF HOLISTIC SCIENCES, INC., d/b/a Aquarian Age Massage, Appellant,

v.

The BOARD OF REVIEW FOR the OKLAHOMA EMPLOYMENT SECURITY COMMISSION, the Oklahoma Security Commission, and Karen K. Carson, Appellees.

No. 80467.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 7, 1993.

Bruce F. Klein, Oklahoma City, for appellant.

Cara S. Nicklas, Oklahoma City, for appellee Oklahoma Employment Sec. Com'n.

## OPINION

BAILEY, Judge:

The Church of Holistic Sciences, Inc., d/b/a Aquarian Age Massage (Employer), seeks review of an order of the Trial Court affirming an order of the Board of Review of the Oklahoma Employment Security Commission (OESC) granting unemployment benefits to Karen K. Carson (Claimant). Herein, Employer asserts error of law by OESC in refusing to consider Employer's assertion of Claimant's status as an independent contractor, and lack of evidentiary support for the OESC order.[1]

Claimant worked for Employer as a massage therapist. After an altercation with Employer's owner, Claimant left the employ and filed a claim for unemployment benefits. Employer protested by letter, raising the issues of Claimant's alleged status as an independent contractor and Claimant's voluntary departure from the employment. Upon consideration of Claimant's statement and Employer's protest, OESC issued a Notice of Determination (without reference to Employer's independent contractor defense) finding Employer discharged Claimant without cause and allowing benefits.

Employer then filed a Notice of Appeal. The OESC appeal tribunal issued a Notice of Telephone Hearing, therein defining and limiting the issues on appeal to those relating to Claimant's disqualification for benefits under 40 O.S. § 2–404 (voluntary termination of employment without cause) and § 2–406 (termination for misconduct). However, the Notice of Hearing made no reference to Employer's independent contractor defense.

At the telephone hearing, the appellate hearing officer refused to allow presentation of evidence on Employer's independent contractor defense as outside the issues defined by the Notice of Hearing. Upon consideration of the evidence adduced, the appellate hearing officer entered his order finding Employer discharged Claimant from her employment "for reasons which do not constitute misconduct connected to work," and affirming the previous OESC Notice of Determination allowing Claimant benefits.

Employer sought further review before the OESC Board of Review, which adopted the findings and conclusions of the appellate hearing officer. Employer consequently petitioned for review of the OESC decision in the Trial Court which affirmed the OESC order. Employer now appeals to this court.

In its first proposition, Employer asserts error of the OESC in refusing to hear evidence on Employer's independent contractor defense. On this issue, Oklahoma statute specifically provides:

> ... [W]henever an appeal [from an OESC determination] involves the questions as to whether services were performed by claimant in employment or for an employer, ..., the [appeal] tribunal referee[2] shall give special notice of such issue and of the pendency of the appeal by mail to the employer and the Commission, both of whom shall thenceforth be parties to the proceeding and be afforded a reasonable

---

1. In this appeal, Employer additionally argues error of the OESC in refusing to consider Employer's assertion of exemption from unemployment taxation as a predominantly religious entity, that is, that Claimant was not engaged in a covered "employment" under the Oklahoma Employment Security Act, 40 O.S.1991 §§ 1–101 et seq. 40 O.S. § 1–210(7)(a)(i). However, that issue appears to be the subject of a pending appeal by Employer styled *Church of Holistic Sciences v. Assessment Board of the Oklahoma Employment Security Commission*, No. 81,088. In the presence of some evidence in the record to support the OESC order, we hence confine our review in the present case to the alleged legal error of the OESC in refusing to consider Employer's independent contractor defense. 40 O.S. § 3–404 ("In any judicial review ... the findings of the [OESC] ... as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law").

2. I.e., the appellate hearing officer. 40 O.S. § 2–602.

opportunity to adduce evidence bearing on such questions.

40 O.S.1991 § 2–604.

 Under this statute, we hold the issue of a claimant's alleged status as an independent contractor falls within "the question as to whether services were performed by claimant in employment" under § 2–604 so as to require, when the issue has been timely and properly raised, that an employer be afforded "a reasonable opportunity to adduce evidence bearing on such question." In the present case, however, although Employer otherwise timely and properly raised the independent contractor defense in its initial protest to Claimant's application for benefits, the Notice of Hearing failed to reflect Employer's assertion of that defense, and the appellate hearing officer refused to allow Employer to present evidence in support thereof. Because existence of an employer-employee relationship constitutes a jurisdictional prerequisite for an award of unemployment benefits,[3] and because we have construed § 2–604 to mandate hearing on existence of the employment relationship "whenever an appeal involves the question,"[4] we therefore conclude OESC erred in refusing to allow Employer to present evidence in support of the properly raised independent contractor defense.

The order of the Trial Court is therefore REVERSED, and the cause REMANDED to the Oklahoma Employment Security Commission for further proceedings.

HUNTER, P.J., and GARRETT, J., concur.

---

**3.** *Perma–Stone Oklahoma City Co. v. Oklahoma Employment Security Commission,* 278 P.2d 543, 546 (Okl.1954) (finding of existence of employment relationship is jurisdictional prerequisite, constituting question of law for appellate courts); accord, *Realty Mtg. & Sales Co. v. Oklahoma Employment Security Commission, et al.,* 197 Okl. 308, 169 P.2d 761, 765 (Okl.1946).

**4.** That is, when the issue has been timely and properly raised.